**In re Dale E. HICKS, Petitioner.**

**Misc. No. 737.**

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 21, 2003.

Before CLEVENGER, RADER, and SCHALL, Circuit Judges.

*ORDER*

CLEVENGER, Circuit Judge.

Dale E. Hicks petitions for a writ of mandamus to direct the Court of Appeals for Veterans Claims to decide Hick's pending petition for writ of mandamus seeking an order directing the Board of Veterans' Appeals "to cease evidentiary development and immediately decide his claim."

In response to Hick's petition for extraordinary relief and the Secretary of Veterans Affairs' answer, on February 6, 2003, the Court of Appeals for Veterans Claims ordered the petition held in abeyance and directed the Secretary to report within 90 days of the order whether Hick's claim had been ajudicated. In two subsequent orders, the Court of Appeals for Veterans Claims continued to hold Hick's petition in abeyance in response to the Secretary's reports that the Board was "still pursuing further factual development" and awaiting responses to evidentiary requests made in February and May of 2003. On August 4, 2003, the Secretary advised that on July 25, 2003, the Board remanded Hick's claim to the regional office for completion of the required factual development and for readjudication of Hick's claim. On August 20, 2003, the Court of Appeals for Veterans Claims issued an order continuing to hold Hick's petition for extraordinary relief in abeyance and directing the Secretary to respond within 30 days whether Hick's claim had been reajudicated.

The traditional use of the writ of mandamus in aid of appellate jurisdiction, *see* 28 U.S.C. § 1651(a), "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporate Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the

right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Id.* at 36.

While we are not unsympathetic to Hick's desire to have his claim resolved immediately, the Court of Appeals for Veterans Claims is closely monitoring the progress of his case through numerous status reports. Further, the matter has not been before the Court of Appeals for Veterans Claims for an unreasonable length of time. Thus, we conclude that Hicks has failed to demonstrate that his right to a writ is clear and indisputable. *Allied,* 449 U.S. at 35.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.